THE PEOPLE OF PUERTO RICO. ROSA MERCED, Petitioner and Appellee, *v.* FRUTO RAMOS, Respondent and Appellant. THE PEOPLE OF PUERTO RICO. SAME v. SAME.

Nos. 9726 and 9727. Argued December 18, 1942.—Decided January 27, 1943.

*Francisco González Fagundo* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

Rosa Merced, mother of the child Nilda Merced, filed a motion in the Juvenile Court for the Judicial District of Humacao on May 6, 1940, in juvenile case No. 416, in which she alleged that said child is the daughter of Fruto Ramos, who abandoned her at her birth, and that such conduct on the part of Ramos is depriving the child of necessary paternal care, and that her home for such reason is not an adequate place for the child's life and welfare. She concludes by praying that Nilda Merced be declared an abandoned child for all legal purposes.

On the same day the complainant filed in said court another petition in the form of a complaint, under juvenile case No. 417, wherein she set forth that the child was three months and twenty-seven days of age, that her father had completely abandoned her, and that said abandonment was harmful to the health and welfare of said child.

On June 4, 1940, an order was issued in the first case, the dispositive part of which reads as follows:

"As a result of the evidence introduced the court declares the child Nilda Merced a child, abandoned by her father Fruto Ramos solely, for all legal purposes."

The second case was submitted on the same evidence introduced in case No. 416 and was decided on June 26, 1940, by a judgment which found the defendant Fruto Ramos guilty

of criminal responsibility for the abandonment of a child and imposed on him a fine of $25, in default thereof to serve one day in jail for each dollar left unpaid, suspending the judgment during such time as the defendant should pay the minor, through her mother Rosa Merced, $2 weekly for her support, and granting the defendant a period of five days to furnish the corresponding bond in order to secure compliance with the obligation imposed by the judgment. It further provided that if the defendant should fail to comply with the terms of the bond, he would be confined in jail for the period stated therein.

Ramos appealed to this court from the order and the judgment. Both appeals were heard together on the 18th of last month. In his oral argument, as well as in his brief, the *Fiscal* stated that the order as well as the judgment should be reversed because it dealt with an unacknowledged illegitimate child and that in neither cause had the father accepted paternity. The *Fiscal* maintained that the juvenile courts lack jurisdiction to determine paternity when the same is controverted. He also maintained that when the order and judgment appealed from were rendered, Act No. 108 of 1940 (Laws of 1940, p. 672) had already been approved, although it was not in force because the period of ninety days required for an Act to take effect had not expired but that under similar circumstances this court, in *People* v. *Lamboy,* 59 P.R.R. 173, reversed the judgment rendered by the district court, because it had failed to hold the hearing or appearance required by said Act in order to give the defendant an opportunity to admit or to deny paternity.

In *People* v. *Lamboy, supra,* the situation was not as the *Fiscal* erroneously sets forth. In that case, Act No. 108 of 1940, *supra,* was in force when the judgment appealed from was rendered by the district court on September 25, 1940, as since the Act was approved on April 30, 1940, to be effective ninety days *after* its approval, disregarding the

first day but including the last, the ninety days expired at midnight on July 29, 1040, and hence the Act became effective on July 30, 1940. Notwithstanding this, we agree that the reversal of the order and of the judgment appealed from lies, although on different grounds from those relied on by the *Fiscal*. In our judgment, Act No. 108 of 1940 did not repeal §29 of the Act establishing the juvenile courts, just as the latter did not repeal §263 of the Penal Code. *People v. Cintrón,* 26 P.R.R. 215.

 Act No. 108 establishes the procedure in cases of violation of §263 of the Penal Code when an illegitimate child under sixteen years of age and abandoned by his father or mother is involved. It provides that when the father or mother admits the paternity at the hearing before the municipal court and he or she fails to comply with his or her obligation towards the minor, said municipal court shall send the case to the juvenile court of the judicial district where the minor resides and the judge at said court shall order, if probable cause exists, that a corresponding complaint for violation of §263 of the Penal Code be filed in said juvenile court by the complainant or by a probation officer.

Section 29 of the Act establishing juvenile courts has a field of action different from that established by §263 of the Penal Code. The latter simply punishes every parent of a minor who "willfully omits, without lawful excuse, to perform any duty imposed upon him by law or to furnish necessary food, clothing or medical assistance . . . . " The former, §29, imposes penalty on the parents or any person responsible for the neglect of a child or for contributing to such neglect. The child to which this provision refers is of course *the neglected child* within the special meaning which this phrase has in §§27 and 28 of said Act. The *neglected child* to which the Act establishing the juvenile courts refers is that child who has no home and lives apart from his parents and is supported by public or private charity, without

any person looking after him. To this effect, the following was said in *People* v. *Cintrón, supra,* at p. 248:

"If we consider carefully the statutes referred to we shall see that the meaning of 'neglect' as employed in Act No. 37 is not entirely equal to its meaning in section 263 of the code. When a child is wilfully neglected by its father without lawful excuse, in the sense that he fails to provide for its physical support, but is kept and sheltered within the home by the efforts and sacrifices of the mother, the case does not fall within the purview of Act No. 37, but, nevertheless, comes within the provisions of section 263 of the code."

Section 29 of the above-mentioned Act confers jurisdiction on the juvenile courts to try and convict "the parents or any person responsible for the neglect of a child or contributing to such neglect." It is a well-settled legal principle that when authority is conferred on a constitution or in a statute, the granting of such authority carries with it the granting of all the necessary means to make said authority effective. Therefore, in an action for a violation of §29, if the parents deny paternity, the juvenile court may, as any regular court, determine paternity, there being applicable herein the doctrine laid down by this court in *People* v. *Rohena,* 52 P.R.R. 301; *People* v. *López,* 54 P.R.R. 279; *People* v. *Rotger,* 55 P.R.R. 133; *People* v. *Pérez,* 55 P.R.R. 655; *Rivera* v. *Cardona,* 56 P.R.R. 786, which decisions were again confirmed in the recent case of *People of Puerto Rico* v. *Manuel Antonio Emanuelli,* criminal case No. 9636, decided by this court on December 23, 1942 (*ante,* p. 202).

Act No. 108, far from limiting the jurisdiction vested in the juvenile courts, operated in the sense of enlarging the same granting them jurisdiction to take cognizance of the violation of §263 of the Penal Code, if the above-mentioned circumstances were present, that is, when the father or mother of the illegitimate child admits the paternity at the hearing before the municipal court and he or she has failed

to comply with the obligation imposed upon him or her toward said minor.

Having established this premise, the first question that should have been decided in this case was whether the two complaints which gave rise to the order and judgment appealed from charged a violation of §29 of the Act establishing the juvenile courts. Counsel for the defendant believed that that was the proper way to solve the problem, and alleged in the lower court that it was not the case of a neglected child within the meaning that said phrase has in the Act establishing the juvenile courts, but that it was a case of abandonment of children provided by §263 of the Penal Code, wherein the father had not admitted the paternity and therefore that it was the regular courts and not the juvenile courts which should take cognizance of such a case, relying on our ruling in *People* v. *Cintrón, supra.* ▪ [6] Nevertheless, the trial court decided that our holding in said case copied above, was a mere *dictum* and that it was not bound to follow it. Such a ruling by this court was indispensable in order to decide the point in controversy, for the question raised was whether §263 of the Penal Code had been repealed by said §29 of the Act establishing the juvenile courts, and we had to decide whether such repeal actually occurred, and in order to decide the question intelligently we had to determine the field of action of each legal provision. Therefore, this was not an *obiter dictum,* and the doctrine laid down was binding on the lower court.

The complaints as well as the evidence showed that the child who was alleged to have been abandoned was only three months and some days of age and lived under the care of the mother who supported her as best as she could. This being so, we must agree with the appellant that this is not a case of violation of the Act establishing the juvenile courts and therefore that the regular courts and not said court are the ones with jurisdiction to take cognizance of the case un-

less, after the corresponding hearing before the competent municipal court is held, the defendant admits the paternity and fails to comply with his obligation towards the minor.

For the reasons stated, the appeal must be sustained and the order of June 4, 1940, and the judgment of the 26th of the same month and year appealed from and rendered by the Juvenile Court for the Judicial District of Humacao must be reversed and the defendant acquitted.

Mr. Justice Travieso did not participate herein.